IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTTSCHALL ET AL., <br><br>    Plaintiffs, <br><br>    v. <br><br> GENERAL ELECTRIC COMPANY ET AL., <br><br>    Defendants.                                   / | No. C 10-05096 CRB <br><br> **ORDER DENYING MOTIONS FOR RECONSIDERATION** |

Plaintiffs move the Court to reconsider Judge Eduardo Robreno's December 8, 2011 Orders granting (1) Defendant General Dynamics's Motion for Summary Judgment and (2) Defendant Huntington Ingalls's Motion for Summary Judgment. See dkt. 20, 21. Plaintiffs make three main arguments in support of reconsideration: first, that the sophisticated user defense only defeats Plaintiffs' failure to warn claims; second, that Judge Robreno's analysis of the sophisticated user/sophisticated intermediary defense was incorrect under Johnson v. American Standard, 43 Cal.4th 56 (2008); and third, that maritime law should apply. See id., dkt. 32.

Plaintiffs' second two arguments are altogether unpersuasive. Plaintiffs fail to convince the Court that Judge Robreno's interpretation of Johnson is clearly erroneous, particularly in light of that case's discussion of In re Related Asbestos Cases, 543 F. Supp. 1142 (N.D. Cal. 1982). In addition, Plaintiffs' argument about maritime law is untimely,

having been made for the first time in their Reply brief. See dkt. 32. A motion for reconsideration "may not be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

Plaintiffs' first argument, that the sophisticated user defense only applies to Plaintiffs' failure to warn claims, finds support not only in Johnson, 43 Cal.4th at 74 ("the defense should apply in this case to defeat all causes of action for defendant's alleged failure to warn"), but in the Orders at issue, see, e.g., dkt. 20-1 Ex. D at 3 ("California's sophisticated user defense precludes liability against a manufacturer's failure to warn. . . ."). The problem with this argument is not that it is wrong, but that it does not warrant reconsideration. The sophisticated user defense bars failure to warn claims sounding not only in strict liability but also those sounding in negligence. The Court has reviewed the papers in this action and finds that Judge Robreno could properly have determined that all of Plaintiffs' claims as to each Defendant are premised on a failure to warn theory. Accordingly, Judge Robreno's Orders, granting summary judgment as to all claims based on the sophisticated user defense, were proper.[1] There was no clear error of law in Judge Robreno's Orders. Accordingly, the Motions for Reconsideration are DENIED.

**IT IS SO ORDERED.**

Dated: January 15, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court explicitly rejects Defendants' argument that Judge Robreno must have applied the government contractor defense to Plaintiffs' "other claims." See, e.g., dkt. 18 at 5-6. The parties' supplemental filings demonstrate that there is no evidence that Judge Robreno has applied the government contractor defense to like cases in the past. See dkts. 40, 41.